

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 15, 2018

**BY ECF**

The Honorable Deborah A. Batts
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Osvaldo Vela*, S2 16 Cr. 842 (DAB)

Dear Judge Batts:

  The Government respectfully submits this letter in advance of the sentencing of Osvaldo Vela. As set forth below, the Government has no objections to: (i) the factual statements in the June 29, 2018 Presentence Investigation Report ("PSR"); or (ii) the Guidelines analysis in the PSR, which results in a Guidelines range of 6 to 12 months. The principal aggravating considerations at sentencing, from the perspective of the Government, are the nature and seriousness of the offense and the need to deter the defendant and others from future criminal conduct. For the reasons set forth below, the Government respectfully submits that a sentence within the Guidelines range, including a term of incarceration, would be fair and appropriate and not greater than necessary in this case.

  A. **Factual Background**

  As set forth in the PSR, the defendant concealed and did not make known the commission of a Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 4. In particular, a confidential source working with law enforcement became aware, through an individual with whom the confidential source had been incarcerated, that Vela's co-defendant, Kemar Allen, engaged in home invasion robberies, including of drug dealers. (PSR ¶ 12.) At the direction of law enforcement, the confidential source proposed a robbery to Allen, and during the course of recorded communications, Allen agreed to carry out the robbery, to bring others to assist, and to provide weapons. (PSR ¶¶ 13-17.)

  On the morning the robbery was planned to occur, Allen, Vela and several others, arriving in two vehicles, met the confidential source. (PSR ¶ 18-19, 22). Allen confirmed to the confidential source that he was prepared to carry out the robbery, and began to drive toward the target location. (PSR ¶¶ 20.) Law enforcement pulled over the vehicles, arrested the occupants, and discovered weapons, including a firearm. (PSR ¶¶ 21-23.) Vela was found to be in the driver's seat of the car in which Allen was riding. (PSR ¶ 22.) When questioned in relation to

the crime, Vela lied and stated that he did not know that the individuals whom he was driving were planning to participate in a robbery when he was aware of their intentions. (PSR ¶ 28.)

### B. United States Sentencing Guidelines Recommendation

Consistent with the Guidelines calculation stipulated to by the parties in their plea agreement, the United States Probation Department calculates the defendant's total offense level to be 10 and his Criminal History Category to be I. (PSR ¶¶ 4, 38, 42, 63.) Accordingly, the applicable Guidelines range is 6 to 12 months' imprisonment.

### C. Discussion

As the Court is aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the seven factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct, protect the public from further crimes of the defendant, and promote respect for the law. *Id.* at 50 & n.6.

The 18 U.S.C. § 3553(a) factors applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to this defendant. 18 U.S.C. § 3553(a)(2)(A)-(B). Although the defendant was caught in the course of a "sting operation," and his role was relatively minor, the defendant knew that Allen and others were prepared to carry out robbery and hid that fact when questioned. (PSR ¶ 28.) That Vela was willing to help others carry out a dangerous and violent crime, including by hiding their guilt, itself presented a serious risk to the safety of the community, demonstrated disregard for law enforcement, and was a serious crime. To the extent that Vela is relatively less culpable than those who intended to carry out the robbery, that circumstance has already been taken into account in his plea to the crime of misprision and the resulting Guidelines calculation. Furthermore, the defendant's willingness to mislead law enforcement indicates a need for a sentence of incarceration in order to provide sufficient deterrence to this defendant, as well as others.

In sum, assisting in whatever way the assembly of a group of armed individuals for the purpose of a robbery is a dangerous activity and a Guidelines sentence, including a term of incarceration, is appropriate, and not greater than necessary, to reflect the seriousness of this crime and to deter the defendant and others from such conduct in the future.[1]

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney
        Southern District of New York

By:   /s/_____
       Matthew Podolsky
       Assistant United States Attorney
       (212) 637-1947

cc: Matthew Daniel Myers, Esq. (via ECF)

---

[1] The Government notes that Vela's co-defendant, Allen, whom the Government views as more culpable than Vela, was sentenced by the Court to a below-Guidelines sentence of 30 months' imprisonment.